IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MELVIN LUTHER JORDAN, | ) | |
| ID # 818527, | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 3:07-CV-0525-R (BH) |
| | ) | ECF |
| NATHANIEL QUARTERMAN, Director, | ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal | ) | |
| Justice, Correctional Institutions Division, | ) | |
| Respondent. | ) | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementa-

tion thereof, subject cause has previously been referred to the United States Magistrate Judge.  The

findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I.  BACKGROUND

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice -

Correctional Institutions Division (TDCJ-CID), filed the instant petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2254 to challenge his February 26, 1998 conviction and resulting thirty year

sentence for aggravated robbery in Cause No. F97-56990-Q.  (*See* Pet. Writ Habeas Corpus (Pet.)

at 1-2.)  The respondent is Nathaniel Quarterman, Director of TDCJ-CID.

In February 1998, petitioner was convicted of aggravated robbery in Cause No. F97-56990-Q.

(*Id.* at 2.)  On February 25, 1999, the court of appeals affirmed his conviction.  (*Id.* at 3.)  He has

unsuccessfully challenged his conviction through the state habeas process.  (*Id.* ¶ 11.)

In the instant petition, petitioner asserts two grounds for relief:  (1) actual innocence because

his judgment of conviction for aggravated robbery with a deadly weapon does not match the trial

court's oral pronouncement of conviction of aggravated assault and (2) sentence imposed in excess of statutory maximum. (*Id.* at 7.)

Petitioner has challenged his conviction before in federal court by way of a § 2254 petition. *See Jordan v. Cockrell*, No. 7:02-CV-0179-R (N.D. Tex.) (Pet. received Aug. 23, 2002). In the prior action, petitioner claimed that his guilty plea was involuntary; he received ineffective assistance of counsel; he was denied due process at examining trial; and was denied his right to appeal. *See id.* (Pet. at 7-8.) On June 18, 2003, the Court denied the prior petition as untimely. *See id.* (Judgment and Order of Dismissal dated June 18, 2003).

Because petitioner has filed a previous federal petition to challenge his aggravated robbery conviction, the Court must determine whether the instant petition is a second or successive application within the meaning of 28 U.S.C. § 2244(b).

## II.  SECOND OR SUCCESSIVE APPLICATION

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA) limits the circumstances under which a state prisoner may file a second or successive application for habeas relief in federal court. *See* 28 U.S.C. § 2244 (b). Under Fifth Circuit precedent, "a later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *Crone v. Cockrell*, 324 F.3d 833, 836-37 (5th Cir. 2003); *accord United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).[1] A petition that is literally second or successive,

---

[1]  Although the Fifth Circuit Court of Appeals decided *Orozco-Ramirez* in the context of a motion to vacate under 28 U.S.C. § 2255, it also found it appropriate to rely upon cases decided under 28 U.S.C. § 2254 in reaching its decision. *See* 211 F.3d at 864 n.4. In the present context, this Court also finds it appropriate to make no distinction between cases decided under § 2255 and those under § 2254.

2

however, is not a second or successive application for purposes of AEDPA if the prior dismissal is based on prematurity or lack of exhaustion. *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (declining to construe an application as second or successive when it followed a previous dismissal due to a failure to exhaust state remedies); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998) (declining to construe an application as second or successive when it followed a previous dismissal due to prematurity, and noting the similarities of such dismissal to one based upon a failure to exhaust state remedies). "To hold otherwise would mean that a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." 523 U.S. at 645.

In this case, petitioner's previous petition was not dismissed because of any prematurity or lack of exhaustion. The Court dismissed it because petitioner filed it outside the applicable one-year period of limitations. A dismissal based on untimeliness is not the type of procedural dismissal that would make a later-filed petition non-successive. *See Villanueva v. United States*, 346 F.3d 55, 62 (2d Cir. 2003); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003). "[A] prior untimely petition . . . count[s] because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims." *Altman*, 337 F.3d at 766. Under *Orozco-Ramirez* and *Crone*, petitioner was therefore required to present all available claims in his prior federal petition.

> "The requirement that all available claims be presented in a prisoner's first habeas petition is consistent not only with the spirit of AEDPA's restrictions on second and successive habeas petitions, but also with the preexisting abuse of the writ principle. The requirement serves the singularly salutary purpose of forcing federal habeas peti-

tioners to think through all potential post-conviction claims and to consolidate them for a unitary presentation to the district court."

*Orozco-Ramirez*, 211 F.3d at 870-71 (quoting *Pratt v. United States*, 129 F.3d 54, 61 (1st Cir. 1997)).

Petitioner has challenged his 1998 aggravated robbery conviction in a prior federal petition. The instant federal petition is successive within the meaning of 28 U.S.C. § 2244(b) because it raises claims that could have been raised in his initial petition. Petitioner would have known the factual basis for each of his current claims prior to filing his previous federal habeas petition. He presents no reason why he could not have raised each of his current claims in his initial petition.

When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* § 2244(b)(2). Before petitioner files his application in this Court, a three-judge panel of the Fifth Circuit Court of Appeals must determine whether the application makes the requisite prima facie showing. *See id.* § 2244(b)(3)(A) and (B).

The Fifth Circuit has not issued an order authorizing the district court to consider this successive application for habeas relief.  Petitioner must obtain such an order before this case is filed.

### III.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002) and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

SIGNED this 31ˢᵗ day of **March, 2007.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE